# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**SHAREEF BERRY.** | No. 18-cr-701-WJM<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

      This matter is before the Court on a counseled motion by Defendant Shareef Berry ("Defendant") for an amended/corrected judgment of conviction. ECF No. 31. Defendant, who has been Ordered to self-surrender to FCI Schuykill on January 11, 2021, to serve his federal sentence, seeks an Order recommending that the Bureau of Prisons ("BOP") *nunc pro tunc* designate New Jersey state and county penal institutions as the place of confinement starting from the date of his arrest on September 28, 2018. *Id.* The Government does not oppose Defendant's request, and instead submits that should the Court find that it intended Defendant's federal and state sentences to run concurrently, the interests of justice are served by granting Defendant's request. ECF No. 32. For the reasons stated below, Defendant's motion is **GRANTED**.

      On September 28, 2018, officers from the Newark Police Department Criminal Investigations Unit approached Defendant, observed him drop a black plastic bag in which they discovered glassine envelopes of heroin, and detained him. ECF No. 1. The Government filed a Complaint in the District of New Jersey that same day, charging Defendant with one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and § (b)(1)(C). *Id.* The Government also filed and obtained an arrest warrant. ECF No. 2. Defendant was arrested on September 28, 2018, while he was on parole for an unrelated state offense. *See* Ex. B, Presentence Investigation Report ("PSR") ¶ 33, Def. Mot., ECF No. 31-1.

      On October 3, 2018, Defendant appeared before the Honorable Cathy L. Waldor, U.S.M.J., for an initial appearance. ECF No. 7. Defendant consented to detention and was Ordered into federal custody. *Id.* On May 15, 2019, the state of New Jersey revoked Defendant's parole based on the instant drug offense and ordered him to serve a parole ineligibility term of twelve (12) months. Ex. B, PSR ¶ 33, Def. Mot., ECF No. 31-1. On May 30, 2019, Defendant pleaded guilty before this Court to the single count with which he was charged, and on December 9, 2019, the Court sentenced Defendant to sixteen (16) months of imprisonment followed by three years of supervised release. ECF Nos. 16, 18, 21, 22. At least until the date of Defendant's sentencing, Defendant was housed at the

Essex County Correctional Facility where, he represents, he wore a yellow jumper and a yellow wristband indicative of inmates who are federal detainees. Def. Br. at 2-3, ECF No. 31. After Defendant's sentencing, he was transferred to Southern State Prison. *Id.* at 3.

On August 14, 2020, nearly twenty-three (23) months after his arrest for the instant offense, Defendant was released from Southern State Prison when he maxed out of parole. *Id.*; Gov't Br. at 2, ECF No. 32. He then began supervised release with the United States Probation Office. Def. Br. at 3, ECF No. 31. However, on November 5, 2020, the Court, having been advised that Defendant was a New Jersey state prisoner at the time of his federal sentencing and that he had served a prior state sentence, but had not yet served his federal sentence, Ordered Defendant to self-surrender to the United States Marshals Service. ECF No. 23. Defendant subsequently filed the present motion.

The Court has carefully considered the parties' submissions on this matter and the exhibits attached thereto, along with the procedural history of this case, and finds that the current situation in which Defendant must now return to prison to serve his federal sentence after having been in custody for twenty-three (23) months is not the result the Court intended at Defendant's sentencing hearing in 2018.

The present issue appears to have arisen from the parties' and the Court's belief at the time of sentencing that Defendant had been in federal custody throughout the pendency of the underlying criminal case. Defendant makes several points to support this argument, which the Government does not contest. For instance, the procedural posture of this case and the fact that Defendant's custody has never been challenged or at issue in the underlying proceedings suggest that the parties and the Court believed Defendant to be in federal custody. *See* Def. Br. 2-3, ECF No. 31; Def. Reply at 2, ECF No. 33. Defendant also argues that the Judgment in this case is silent on the issue of whether the sentence should run concurrently or consecutively to the state's parole violation precisely because all parties believed Defendant to be in federal, and not state, custody. Def. Br. at 4, ECF No. 31. Additionally, Defendant's counsel's sentencing memo of December 2019 states Defendant has remained in federal custody since the time of his arrest. Def. Reply at 2, ECF No. 33. And lastly, Defendant began supervised release in August of 2020 with the United States Probation Office under the belief that he completed both his federal sentence and his state parole violation. Def. Br. at 4, ECF No. 31.

At this juncture, the Court agrees with Defendant that the most efficient mechanism to permit his federal sentence to run concurrent to his state sentence is to recommend BOP *nunc pro tunc* designate a New Jersey institution for service of his federal sentence. *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) (holding that BOP has the statutory authority to *nunc pro tunc* designate the place of confinement for a prisoner's federal sentence); *see also* 18 U.S.C. § 3621(b)(4) ("The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering . . . any statement by the court that imposed the sentence concerning the

purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate."). The Court's intention at the time of sentencing would have been for all sentences to run concurrently. It would not have intended the current scenario, where Defendant must now be removed from his stable and caring home environment and the reliable employment he has found since his release and returned back to custody for an additional sixteen (16) months. Accordingly, in the interests of justice, the Court will grant Defendant's motion.

For the reasons set forth above, Defendant's motion seeking an Order recommending that BOP *nunc pro tunc* designate New Jersey institutions as the place of confinement to serve his federal sentence is **GRANTED**.

An appropriate Order shall follow.

s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 7, 2021**